1

2

3

4

5

6

7

8
       UNITED STATES DISTRICT COURT

9
       EASTERN DISTRICT OF CALIFORNIA

10

11
DONOVAN SHANE GREER,     Case No. 1:21-cv-00108-JLT (PC)

12
    Plaintiff,       **ORDER TO SHOW CAUSE WHY ACTION**
               **SHOULD NOT BE DISMISSED FOR**

13
  v.           **FAILURE TO EXHAUST**

14
KCSO ADMINISTRATION, et al.,   21-DAY DEADLINE

15
    Defendants.

16

17
    Donovan Shane Greer initiated this action on December 18, 2020. In his complaint,

18
Plaintiff alleges that prison officials have violated his rights under the Eighth Amendment by

19
failing to adequately sanitize his living quarters and failing to test him for COVID-19. (Doc. 1.)

20
Plaintiff states that he first requested testing and sanitization from prison officials on November

21
11, 2020, but that he had not received a response at the time he submitted his complaint on

22
December 8, 2020. (*See id.* at 4, 5.) Thus, it is clear that Plaintiff failed to exhaust administrative

23
remedies prior to filing suit.

24
    The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect

25
to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison,

26
or other correctional facility until such administrative remedies as are available are exhausted."

27
42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted

28
claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The

exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, **within 21 days** of the date of service of this order, Plaintiff SHALL show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, within that same time, Plaintiff may file a notice of voluntary dismissal. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 9, 2021**                    **/s/ Jennifer L. Thurston**
                                                CHIEF UNITED STATES MAGISTRATE JUDGE