UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN SHANE GREER,<br><br>          Plaintiff,<br><br>     v.<br><br>KCSO ADMINISTRATION, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00108-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>21-DAY DEADLINE |

**I.     INTRODUCTION**

Donovan Shane Greer is incarcerated at High Desert State Prison. (Doc. 13.) He alleges that officials at a Kern County jail, where he was previously incarcerated, violated his rights under the Eighth Amendment by failing to adequately sanitize his living quarters and to test him for COVID-19. (Doc. 1.) Plaintiff contends that these conditions of confinement placed him at risk of contracting COVID-19 and caused him emotional harm. (*Id.* at 3-4.) He seeks compensatory damages and injunctive relief regarding the conditions. (*Id.* at 3.)

For the reasons set forth below, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and his claim for emotional damages is barred by the Prison Litigation Reform Act. Therefore, Plaintiff must show cause why this action should not be dismissed.

///

///

## II.   DISCUSSION

### A.  Plaintiff's claim for injunctive relief is moot

A moot claim "is one where the [applicable] issues are no longer live or the part[y] lack[s] a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citation omitted). "Federal courts lack jurisdiction to decide moot [claims] because their constitutional authority extends only to actual cases or controversies." *Id.* (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "[I]f an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back." *Rodriguez v. Moore*, No. 2:19-cv-00226-MCE-DMC, 2019 WL 2284892, at *1 (E.D. Cal. 2019), *report and recommendation adopted*, 2019 WL 3714510 (E.D. Cal. 2019) (citations omitted).

Because Plaintiff is no longer incarcerated at the Kern County jail of which he complains, he is "no longer personally affected by the alleged shortcomings of [the jail's] COVID-19-related precautions." *Pinson v. Othon*, No. 4:20-cv-00169-TUC-RM, 2020 WL 7404587, at *3 (D. Ariz. 2020). Additionally, given Plaintiff's current incarceration at High Desert State Prison, the Court finds no reasonable expectation that Plaintiff will again be subjected to the allegedly inadequate conditions at the Kern County jail for the foreseeable future. Consequently, Plaintiff's claim for injunctive relief regarding those conditions is moot. *Id.*

### B.  Plaintiff fails to show that he suffered an injury in fact, and his claim for damages for emotional harm is barred by statute

To have standing, a plaintiff "must show that [he] has suffered an 'injury in fact,' that [his] injury is 'fairly traceable' to the [defendant's] actions, and that [his] injury will likely be 'redressed' by this" action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury in fact—the "[f]irst and foremost of standing's three elements"—is a constitutional requirement. *Spokeo, Inc. v. Robins*, 578 U.S. 856 (2016) (internal quotation marks and citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected

interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

Plaintiff fails to show that he has suffered an injury in fact. He contends that the conditions of confinement at the Kern County jail where he was incarcerated placed him "at risk of infection of COVID-19." (Doc. 1 at 3, 4.) This allegation fails to show that Plaintiff suffered actual, concrete harm. Plaintiff does not allege that he ever contracted COVID-19 while at the jail. In addition, as explained in the previous section, Plaintiff is no longer incarcerated at the jail, thus any claim that harm was "imminent" due to the conditions is moot.

Furthermore, Plaintiff's claim that he suffered emotional harm is prohibited by the Prison Litigation Reform Act. The statute provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As stated above, Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury, and he does not allege the commission of a sexual act. Therefore, Plaintiff's claim for damages for emotional harm is barred.

### III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court lacks jurisdiction over Plaintiff's claims, and his claim for emotional damages is barred by the Prison Litigation Reform Act. Accordingly, the Court DIRECTS Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed.

IT IS SO ORDERED.

Dated:  **August 12, 2021**            _ /s/ Jennifer L. Thurston
                                     CHIEF UNITED STATES MAGISTRATE JUDGE