UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN SHANE GREER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KCSO ADMINISTRATION, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00108-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff's complaint is before the Court for screening pursuant to 42 U.S.C. § 1915A. For the reasons set forth below, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and the Prison Litigation Reform Act bars his claim for emotional damages. The Court recommends that this action be dismissed.

**I.　BACKGROUND**

Plaintiff is incarcerated at High Desert State Prison. (Doc. 13.) He alleges that officials at the Kern County jail, where he was previously incarcerated, violated his rights under the Eighth Amendment by failing to adequately sanitize his living quarters and to test him for COVID-19. (Doc. 1.) Plaintiff contends that these conditions of confinement placed him at risk of contracting COVID-19 and caused him emotional harm. (*Id.* at 3-4.) He seeks compensatory damages and injunctive relief regarding the conditions. (*Id.* at 3.)

///

Previously, the Court ordered the plaintiff to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 17.) Plaintiff responded (Doc. 18), but he does not meaningfully call into question the Court's findings that it lacks jurisdiction over his claims or that his claim for emotional damages is barred by the PLRA.

## II.    DISCUSSION

### A.  Plaintiff's claim for injunctive relief is moot

A moot claim "is one where the [applicable] issues are no longer live or the part[y] lack[s] a legally cognizable interest in the outcome." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citation omitted). "Federal courts lack jurisdiction to decide moot [claims] because their constitutional authority extends only to actual cases or controversies." *Id.* (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "[I]f an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back." *Rodriguez v. Moore*, No. 2:19-cv-00226-MCE-DMC, 2019 WL 2284892, at *1 (E.D. Cal. 2019), *report and recommendation adopted*, 2019 WL 3714510 (E.D. Cal. 2019) (citations omitted).

As stated above, Plaintiff is incarcerated at High Desert State Prison. (Doc. 13.) He is no longer incarcerated at the Kern County jail of which he complains. Therefore, Plaintiff he is "no longer personally affected by the alleged shortcomings of [that jail's] COVID-19-related precautions." *Pinson v. Othon*, No. 4:20-cv-00169-TUC-RM, 2020 WL 7404587, at *3 (D. Ariz. 2020). Additionally, given Plaintiff's current incarceration at a state prison, the Court finds no reasonable expectation that Plaintiff will again be subjected to the conditions at the Kern County jail for the foreseeable future. Plaintiff does not dispute this finding. (*See* Doc. 18 at 1.) Consequently, Plaintiff's claim for injunctive relief regarding the conditions at the jail is moot. *Pinson*, 2020 WL 7404587, at *3.

### B.    Plaintiff fails to show that he suffered an injury in fact, and his claim for damages for emotional harm is barred by the PLRA

To have standing, a plaintiff "must show that [he] has suffered an 'injury in fact,' that

2

1  [his] injury is 'fairly traceable' to the [defendant's] actions, and that [his] injury will likely be
2  'redressed' by this" action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th
3  Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury in fact—the
4  "[f]irst and foremost of standing's three elements"—is a constitutional requirement. *Spokeo, Inc.
5  v. Robins*, 578 U.S. 856 (2016) (internal quotation marks and citation omitted). "To establish
6  injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected
7  interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or
8  hypothetical.'" *Id.* (citing *Lujan*, 504 U.S. at 560).

9  Plaintiff fails to show that he suffered an injury in fact. He contends that the conditions of
10 confinement at the Kern County jail where he was incarcerated placed him "at risk of infection of
11 COVID-19." (Doc. 1 at 3, 4.) This allegation fails to show that Plaintiff suffered any actual,
12 concrete harm. Plaintiff does not allege that he ever contracted COVID-19 or that he suffered any
13 symptoms associated with COVID-19. In his response to the Court's order to show cause,
14 Plaintiff asks, "how would I know for sure [whether I caught COVID-19] without being tested."
15 (Doc. 18 at 2.) It is thus clear that any harm suffered by Plaintiff is purely conjectural. In addition,
16 as explained in the previous section, Plaintiff is no longer incarcerated at the Kern County jail;
17 thus, any claim that harm was "imminent" due to the conditions at the jail is moot.

18 Lastly, Plaintiff's claim that he suffered emotional harm is prohibited by the Prison
19 Litigation Reform Act. The statute provides that "[n]o Federal civil action may be brought by a
20 prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of
21 physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As stated above,
22 Plaintiff does not contend that he contracted COVID-19 or suffered any other physical injury, and
23 he does not allege the commission of a sexual act. Therefore, Plaintiff's claim for damages for
24 emotional harm is barred.

25 **III.   CONCLUSION, ORDER, AND RECOMMENDATION**

26 For the reasons set forth above, the Court lacks jurisdiction over Plaintiff's claims, and the
27 Prison Litigation Reform Act bars Plaintiff's claim for emotional damages. The Court therefore
28 RECOMMENDS that this action be DISMISSED. The Court DIRECTS the Clerk of the Court to

assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 30, 2021**             _ /s/ Jennifer L. Thurston
                                         CHIEF UNITED STATES MAGISTRATE JUDGE